Kinkade, J.
 

 This is a criminal case. The deféndant in error, Thayer, was indicted by the grand jury of Stark county pursuant to Section 12823, G-eneral Code, for having solicited a bribe of $7,500 from the president of a building company that was employed to erect a public hospital for that county, pursuant to plans and specifications drawn by Thayer and under his superintendence as architect.
 

 Thayer was convicted in the common pleas court and judgment of sentence entered against him. He
 
 *3
 
 prosecuted error to the Court of Appeals, assigning numerous grounds of error. The Court of Appeals reversed the judgment of the trial court upon two grounds, and remanded the case for a new trial. The state prosecutes error to this court.
 

 The trial court excluded as incompetent two letters offered by Thayer to sustain his defense, which he had written to the building commission about two years after the time fixed in the indictment when the bribe was committed. The trial court held these letters were self-serving in character, and too remote to be of any importance in the case. The Court of Appeals found the letters to be competent, stating reasons why, and that the action of the trial court in excluding them was prejudicial error. We concur in the conclusion reached and action taken by the appellate court with respect to these letters.
 

 The trial court excluded the testimony of certain witnesses offered by Thayer for two purposes: First, to establish an alibi; and, second, to contradict testimony offered by the state tending to establish that Thayer was in Stark county at the time named in the indictment. Thayer contended that at the time named in the indictment he was not in Stark county, but was in Canada on a fishing trip with witnesses whose testimony he was offering in support of his defense of alibi. The trial court rejected this testimony because the fact was admitted by Thayer that he had not given the prosecuting attorney before trial the notice required by Section 13444-20, General Code, known as the alibi law.
 

 The Court of Appeals held that Thayer was not required to give such notice for two reasons, that is to say: First, that Section 13444-20 is unconstitu
 
 *4
 
 tional, and, second, that even if it were constitutional, the testimony could not rightfully be excluded although it tended to establish an alibi, because the evidence offered was competent on the other ground, that it tended to contradict testimony offered by the state in support of the charge in the indictment.
 

 "We cannot concur with the Court of Appeals in the reasons assigned by that court to sustain the unconstitutionality of Section 13444-20. This law pertains to a very important feature of the criminal law. It gives the state some protection against false and fraudulent claims of alibi often presented by the accused so near the close of the trial as to make it quite impossible for the state to ascertain any facts as to the credibility of the witnesses called by the accused, who may reside at some point far distant from the place of trial. Thayer was not denied the right to testify himself fully as to his whereabouts at the time covered by the indictment. To admit such testimony from other witnesses on the ground that it tends to contradict testimony offered by the state is simply an indirect way of nullifying the statute entirely. Manifestly any alibi testimony must, in the very nature of things, contradict the evidence offered by the state, for the obvious reason that if the accused was not in the county and state at the time named in the indictment, then he cannot be guilty as charged, excepting, of course, instances in which he has aided or abetted or induced another to commit the crime during his absence from the place of the crime.
 

 There is another claimed error calling for the reversal of the judgment of conviction entered by the
 
 *5
 
 trial court. The trial court appointed a very able lawyer to assist the prosecuting attorney in the trial of this case. This assistant was a man of high standing, both social and professional, in that locality, a man well known and widely known, who no doubt was well known to the members of the jury. It is claimed that certain statements of this assistant prosecuting attorney, made in the presence of the jury, were highly prejudicial to the accused. We quote one of these statements in full: “Now, I can say this to you, Ladies and Gentlemen of the Jury, as an attorney, I probably would in some cases, defend a man even though he were guilty, and do everything that I could to see that he got all his legal rights as a defendant, but I will also say, and I am saying it from the bottom of my heart, that unless the investigation that I would make before giving my consent to go into a case as special prosecutor, convinced me that I was justified in taking that side of the case, I would never — I would never accept the appointment to prosecute a man that I believed from the investigation was innocent of the charge.”
 

 This was said directly to the jury. Counsel for the accused at once objected to the statement, and moved the court to declare a mistrial on account of this statement; and the- prosecutor then said, in the presence of the jury, “We feel that it is entirely just in the light of the evidence. ’ ’ The court overruled the motion, to which exceptions were saved.
 

 The statement of the assistant prosecutor needs no comment by this court. It speaks for itself, and the impression it must have made upon the jury is quite self-evident. It may well be doubted whether
 
 *6
 
 the trial judge could have said anything to the jury at that time or any later time in the trial which would have nullified the effect of the wrong done thereby to the accused. The court by overruling the motion necessarily gave the jury to understand that the statement there made to the jury carried the approval of the trial judge, and particularly so when the prosecuting attorney unhesitatingly and forcibly added his endorsement of the statement of his special assistant to the jury. If the record disclosed no error other than this, the judgment of conviction would have to be reversed for this error alone.
 

 16 Corpus Juris, 908, Section 2257, states the general rule on this subject as follows: “Although there are some decisions apparently to the contrary, it is generally held to be error for the prosecuting attorney in his argument to the jury to declare his individual opinion or belief that defendant is guilty, in such a manner that the jury may understand such opinion or belief to be based upon something which the prosecutor knows outside the evidence.” .
 

 The following decisions, as indicated by the syllabi quoted below, condemn statements of counsel such as made by the assistant prosecutor in this case, and hold such statements to be clearly erroneous and highly prejudicial to the accused:
 

 Hayes
 
 v.
 
 Smith,
 
 62 Ohio St., 161, 56 N. E., 879:
 

 “8. It is a duty of the trial court which is not merely discretionary, when counsel grossly abuses his privilege to the manifest prejudice of the opposite party, to interpose and admonish the offending counsel and to instruct the jury in regard thereto; and if it failed to do so, it is ground for a new trial.
 

 “9. The form in which an objection to such an
 
 *7
 
 abuse of privilege is brought to the notice of the trial court is not material; and when the record shows that the opposing counsel addressed his objections and exceptions directly to the court, and the full record being before the reviewing court, it does not appear that the trial court took any notice thereof, nor that it acted thereon, it will be presumed to have refused to rule out the objectionable matter, and such failure and refusal will be ground for reversal. ’ ’
 

 Adams
 
 v.
 
 State,
 
 54 Fla., 1, 45 So., 494: “3. It is improper for a prosecuting officer to state to the jury his personal opinion as to the guilt of a defendant irrespective of the evidence in the case; but it is competent for him to. argue the defendant’s guilt from the evidence, to show that the evidence produces conviction on him and should convince them.”
 

 Nixon
 
 v.
 
 State,
 
 14 Ga. App., 261, 80 S. E., 513: “3. It was error to allow counsel for the state, in his argument to the jury, to give his personal opinion as to the guilt of the defendant, though in a preceding argument counsel for the defendant may have been guilty of a similar breach of the rule.”
 

 Broznack
 
 v.
 
 State,
 
 109 Ga., 514, 35 S. E., 123: “3. It was improper for counsel representing the state to say, in his argument to the jury, that he would not appear in the case if he ‘did not believe the defendant to be as guilty as any man that was ever tried in the court house,’ and the court should not have approved of such argument as legitimate.”
 

 People
 
 v.
 
 King,
 
 276 Ill., 138, 114 N. E., 601: “14. An attorney is rarely justified in stating his personal belief that the cause he is representing is just, for by so doing he makes himself a witness without the
 
 *8
 
 opportunity of being cross-examined, and while a remark by the State’s attorney in his closing argument that he believes the accused is guilty is not necessarily ground for reversal, it is apt to inflame the minds of the jury to the prejudice of the defendant and is improper.”
 

 Jackson
 
 v.
 
 State,
 
 116 Ind., 464, 19 N. E., 330:
 

 “In his closing address to the jury the prosecuting attorney used the following language: ‘Washington Jackson’s wife is brokenhearted over his conduct in connection with this woman. I know what I am talking about. I have been to Greenfield, and heard the evidence before the grand jury, and I know what those people think about this case. ’
 

 “Held, that the language is improper, and the trial court having failed to instruct the jury to disregard it, the judgment of conviction must be reversed.”
 

 Howard
 
 v.
 
 Commonwealth,
 
 110 Ky., 356, 61 S. W., 756, 757: “8. Where the regular commonwealth’s attorney took no part in the prosecution because of his sickness, it was prejudicial error to permit the commonwealth’s attorney pro tern, to say to the jury in his closing argument that he was commissioned by the regular commonwealth’s attorney to say to them ‘that he thinks the defendant guilty, and hopes the jury will hang him higher than Hainan. ’ ”
 

 State
 
 v.
 
 Iverson,
 
 136 La., 982, 68 So., 98: “3. It is error for the district attorney to say, in his closing argument, in the prosecution of one of two persons who were indicted jointly for the same crime: ‘I elected to try this defendant because I considered the case strongest against him. I usually try what I consider to be my strongest case first.’ This was
 
 *9
 
 an expression of the opinion formed by the district attorney before the trial, and manifestly from the grand jury’s investigation. When the defendant’s counsel objected to such remarks, the district attorney should have withdrawn them, or the judge should then have instructed the jury to disregard them.”
 

 People
 
 v.
 
 Quick,
 
 58 Mich., 321, 25 N. W., 302: “4. A prosecuting attorney must be entirely impartial as between accuser and accused, and must act only in furtherance of justice; and he cannot be permitted to assert to the jury ‘under the solemnity of his official oath’ his belief in the guilt of a respondent.”
 

 State
 
 v.
 
 Clark,
 
 114 Minn., 342, 131
 
 N.
 
 W., 369 :
 

 “A prosecuting attorney in a criminal case is not bound to make his argument to the jury colorless, or argue both sides of the case, if defendant is represented by counsel, and he may present forcibly the state’s side of the case.
 

 “He is not, however, justified in thrusting his personality into the case and expressing his opinion that the defendant is guilty, or stating as a fact anything except what the evidence tends to prove, or which he expects in good faith to prove. If he violates this rule, he is guilty of misconduct.
 

 “Evidence considered, and held, that the prosecuting attorney was guilty of misconduct, which was prejudicial to the substantial rights of the defend£intl ^ ^
 

 .
 
 State
 
 v.
 
 Phillips,
 
 233 Mo., 299, 135 S. W., 4: “5. Remarks by the State’s counsel to the effect that his former convictions of other violations of the law proved him guilty of the crime for which he is being tried, are improper. Likewise, statements by the
 
 *10
 
 prosecuting attorney that he was on the ground and had investigated the matter, and knew the defendant was guilty, were improper.”
 

 State
 
 v.
 
 Hess,
 
 240 Mo., 147, 144 S. W., 489: “4. An appeal by the prosecuting attorney to the jury to convict, because he believes defendant guilty and because the warrant officer who issued the warrant believed him guilty, is improper and may be prejudicial; and where the case is close on the evidence, and there is strong evidence that the chief witnesses for the State were angry at defendant because he caught them stealing from his store and kicked them out, and the prosecuting attorney, angered by this impeachment, brought into the scale his own personal belief of defendant’s guilt and that of the officer who issued the warrant, the verdict of guilty will be reversed. ”
 

 Reed
 
 v.
 
 State,
 
 66 Neb., 184, 92 N. W., 321, 322: “10. It is highly improper for the prosecuting attorney in a criminal case to declare to the jury his personal belief in defendant’s guilt, unless such belief is given as a deduction from the evidence.”
 

 State
 
 v.
 
 Gunderson,
 
 26 N. D., 294, 144 N. W., 659, Ann. Cas., 1916A, 429:
 

 “1. In a prosecution * * * in which the prosecuting attorney states to the jury in his argument, ‘I do not come here to try a case unless the defendant is guilty,’ it is held, that the interests of justice require a new trial and a resubmission of the case to the jury.
 

 “2. It is improper and professionally unethical for the prosecuting attorney to state to the jury in his argument that he would not be before them unless the defendant was guilty.”
 

 
 *11
 

 Hardy
 
 v. State, (Tex. App.), 13 S. W., 1008: “3. The prosecuting attorney, in his closing argument, said that defendant knew that he was guilty, and challenged defendant to get up, and deny his statement. On defendant’s counsel whispering to defendant, the prosecuting attorney said: ‘That’s right. Tell him to get up, and tell me that I have lied.’ Held, that a new trial should be granted.”
 

 When the assistant prosecutor made the statement to the jury herein quoted, it was the clear duty of the trial judge to at once withdraw a juror and declare a mistrial, as was requested by counsel for the accused. The law is clearly settled by the decisions of courts of last resort in nearly every state in the Union. The judgment of reversal entered by the Court of Appeals is affirmed, for the reasons herein stated.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Allen and Robinson, JJ., concur.
 

 Jones, J., concurs in the judgment.