## MITCHELL v STATE

Ohio Appeals, 4th Dist, Ross Co

Decided May 6, 1932

Louis M. Day, Chillicothe, for plaintiff in error.

Howard Goldsberry, Prosecuting Attorney, Chillicothe, for defendant in error.

BLOSSER, J.

The state offered the testimony of M. P. Jones and his wife to the effect that they saw Mitchell and another unidentified person at the corn crib at the time charged in the indictment. The defendant did not serve any notice on the state of his defense of alibi as required by §13444-20 GC. The defendant offered the testimony of four witnesses for the purpose of showing that he was not at the Jones corn crib at the time charged in the indictment. The defendant contends that this evidence was not intended to prove an alibi but was for the sole purpose of proving that the man identified as James Mitchell at the corn crib was not and could not have. been the defendant; that the evidence was not to prove that he was at another place but that the man in the automobile at the corn crib was not Mitchell and that his identification was a mistake. It is contended that this evidence was competent for the purpose stated and that the court erred in its exclusion. This contention is not sound as the evidence offered in effect tends only to establish an alibi. This question has been before the Supreme Court and has been decided adversely to the claim of the plaintiff in error.

In the case of **State v Thayer, 124 Oh St, 1, 176 NE 656, 657,** the Supreme Court said:

"To admit such testimony from other witnesses on the ground that. it tends to contradict testimony offered by the state is simply an indirect way of nullifying the statute entirely. Manifestly in alibi testimony must, in the very nature of things, contradict the testimony offered by the state for the obvious reason that if the accused was not in the county and state at the time named in the indictment then he can not be guilty as charged, excepting, of course, under circumstances in which he has aided or abetted or induced another to commit the crime during his absence from the place of the crime."

To the same effect is the case of State v Nooks, **123 Oh St 190.**

The trial court properly excluded this evidence.

The plaintiff in error also contends that the verdict is against the manifest weight of the evidence. The corn crib of M. P. Jones had been broken into and Mr. Jones and his wife at the time charged in the indictment saw two men at the crib with corn placed in bags. Both Mr. and Mrs. Jones identified James Mitchell as one of these men. They saw the kind of automobile these men had at the crib and also the license number of the tags on the same. The sheriff was immediately notified and attempted to trace the burglars by the automobile tracks which corresponded with the tires on the Mitchell car. Upon arriving at Mitchell's home the sheriff found the automobile with the license number that Mr. and Mrs. Jones had seen at the crib. The motor was hot, indicating that it had been recently in operation. From this and other testimony we think the jury had abundant evidence to support its verdict and that the jury and trial court did not err in finding the defendant guilty.

There is no error apparent in the record and the judgment is affirmed.

MAUCK, PJ, and MIDDLETON, J, concur.