STATE, PLAINTIFF-APPELLEE, *v.* CUNNINGHAM ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Columbiana County.

No. 777.   Decided April 13, 1961.

*Mr. G. William Brokaw*, prosecuting attorney, for plaintiff-appellee.

*Mr. Hugo Alexander*, for defendants-appellants.

*Per Curiam.*  This appeal is before us on questions of law, the appellant making eight assignments of error.

The defendants were tried jointly for burglary.  On the first day of trial one of the defendants presented notice of intention to produce evidence of alibi.  This defendant claimed that a witnes, a Youngstown clergyman, called for purpose of character references had on the day before trial began advised the defendant of a definite recollection held by the witness that

this defendant was in Youngstown, Ohio, some distance from the scene of the crime, on the date of the alleged crime. The witness claimed to remember the occasion because of the fact that it had occurred on a date when the witness had moved from Columbiana County to Youngstown, Ohio. Defendant had been unable to recall his own whereabouts on the date of the crime because of the fact that a number of years had transpired between the time of the alleged crime and the time of trial.

The trial judge after a careful consideration of the requirements of Section 2945.58, Revised Code, excluded the testimony relative to the alibi. Defendant's counsel then proffered the evidence of alibi which consisted of thirty-six record pages of testimony by the witness.

The question to be decided is whether Section 2945.58, Revised Code, operates as a violation of the due process provisions of the federal and state constitutions on those occasions when the statute operates to exclude evidence material in establishing the innocence of the defendant under circumstances such as those considered in our statement of facts.

The further question to be decided is whether the trial court's exercise of its discretion granted under Section 2945.58, Revised Code, to permit the introduction of such testimony under the proper circumstances is sufficient safe guard to insure the constitutional rights of the defendant in such a situation.

In arriving at the answer to these questions this court has considered the case of *State* v. *Thayer*, 124 Ohio St., 1. In that case the Supreme Court of Ohio held that the statute requiring three days notice before proof of alibi was constitutional. This holding did not appear as part of the syllabus of the case nor was the opinion a per curiam opinion. However, the holding was concurred in by a majority of the court. In a minority concurring opinion three judges held that the defendant had adequate excuse for not giving the three days notice required by the statute, saying:—

"The operative effect of the statute therefore as applied in this case deprived defendant of his rights under the due process provisions of the Constitution."

Since this holding of the minority concurring opinion was the only reason for the separate opinion, it would seem that the majority disagreed with this position.

This court, therefore, feels constrained to follow the majority opinion in that case, and to hold that Section 2945.58, Revised Code, is constitutional. We further hold that the exclusion of evidence of alibi by a trial court under these circumstances lies within the sound discretion of the trial court and does not violate defendant's constitutional guarantee of due process.

We have considered the other assigned errors and find no other errors prejudicial to the defendants.

The judgment of the trial court is, therefore, affirmed.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.