Defendant-appellant, Christopher Johnson, appeals from the jury verdict finding him guilty on three of the four counts for which he was indicted. Johnson's assignments of error deal with the following issues: the trial court's imposition of the maximum sentence, prosecutorial misconduct at closing argument, and the sufficiency of the evidence. For the reasons adduced below, these assignments of error are overruled.
This case arises out of a drug surveillance operation set up by the Cleveland Police Department's Vice Unit in response to numerous complaints of drug activity in this particular area. On April 20, 1999, Johnson was witnessed by detectives of the vice unit engaging in the sale of crack cocaine with the aid of and in the presence of a juvenile. The detectives observed two transactions involving Johnson and the juvenile. Both Johnson and the juvenile were standing within six to eight feet of each other on the corner of West 59th and Storer.
The first transaction was made to a male who initially approached Johnson and was then directed by Johnson to deal with the juvenile. After a short conversation, the male buyer gave the juvenile cash and the juvenile gave the buyer a small white object from his mouth.
The second transaction involved another male who approached Johnson while he was with the juvenile. All three males walked together. Johnson received the cash and directed the juvenile to retrieve the drugs for the buyer. The juvenile went behind a store and appeared ten seconds later with a piece of paper from which the buyer selected rocks of crack cocaine. The juvenile placed additional rocks of crack cocaine in his mouth and then placed the remaining crack cocaine back behind the store. Johnson and the juvenile returned to the street corner where they had made their previous drug transactions.
When a marked police car drove by the street corner, the juvenile and Johnson split up. The juvenile was observed hiding the rocks of crack cocaine from his mouth under some debris. A short time later, the two met again on the same street corner. At this point, the take down team moved in and arrested both Johnson and the juvenile. Crack cocaine was found behind the store and under debris where the juvenile had gone on two occasions. Five hundred dollars cash was found in Johnson's right shoe. The defense stipulated to the authenticity of the lab results finding the confiscated drugs to be crack cocaine.
During the trial, defense counsel twice moved for acquittal on all counts pursuant to Rule 29 of the Ohio Rules of Criminal Procedure. The trial court overruled the motion on all counts. The jury returned a verdict of guilty on the following counts: Count 1 — Trafficking in Cocaine, in an amount less than one gram, in violation of R.C. 2925.03
(this count also contained a juvenile specification under R.C. 2925.01); Count 2 — Possession of Crack Cocaine, in an amount less than one gram, in violation of R.C. 2925.11; Count 4 — Corrupting Another with Drugs, in violation of R.C. 2925.02. Johnson was found not guilty as to Count 3 — Possessing Criminal Tools, in violation of R.C. 2923.24.
Johnson was sentenced a month later after the trial court ordered and reviewed the pre-sentence investigation report. Johnson was sentenced to the maximum term possible of 18 months incarceration on Count 1, 12 months incarceration on Count 2, and 8 years incarceration on Count 4, all to run concurrent. It is from this verdict and sentence that Johnson now appeals.
The first assignment of error is as follows:
 I. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM CONSECUTIVE PRISON TERMS WITHOUT FINDING THAT THE APPELLANT MET THE MANDATORY STATUTORY CONDITIONS FOR IMPOSING A MAXIMUM SENTENCE.
The standard of review for this court involving an appeal of a sentence is clearly spelled out in R.C. 2953.08. This court must examine the applicable statutes as they relate to the sentence which was imposed upon appellant by the trial court. Although sentencing under Am.Sub.S.B. 2, effective July 1, 1996, allows the trial court some discretion in sentencing a defendant, the law also sets forth specific guidelines.
R.C. 2953.08 provides in relevant part:
 (G)(1) The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
Johnson complains the court erred by imposing the maximum prison sentence without first making requisite statutory findings under R.C.2929.14(C) to justify the maximum sentence.
The overriding purposes of Ohio's new felony sentencing scheme are to "* * * protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Unless a mandatory prison term is required, a court that imposes a sentence upon an offender for a felony has discretion within statutory limits to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. See R.C. 2929.12(A). In exercising that discretion, the court shall consider factors relating to the seriousness of the conduct, the likelihood of the offender's recidivism, and any other factors that are relevant to achieving the purposes and principles for sentencing. Id.
R.C. 2929.14 dictates the guidelines the court must follow for imposing basic prison terms. As a starting point, an offender who has not previously served a prison term must be sentenced to the minimum prison term provided unless the court finds on the record that the shortest allowable term would either demean the seriousness of the offense or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). The court may only impose a maximum sentence upon a finding that the offender committed the worst forms of the offense, poses the greatest likelihood of committing future crimes, upon certain major drug offenders, and upon certain repeat violent offenders. R.C. 2929.14(C).
Since Johnson had previously served a prison term, the trial court was not required to go through this two-step process and only needed to adhere to the guidelines set forth in 2929.14(C). To impose the maximum prison term, there must be a finding on the record that the offender posed the greatest likelihood of recidivism or committed the worst forms of the offense. See State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported; State v. Beasley (June 11, 1998), Cuyahoga App. No. 72853, unreported; State v. Edmonson (1999), 86 Ohio St.3d 324. We do not require the court to utter any "magic" or "talismanic" words, but it must be clear from the record that the court made the required findings. SeeState v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715, unreported.
Here, the trial transcript clearly indicates that the trial judge properly considered all the factors necessary to sentence a defendant to the maximum prison term. The court reviewed and/or considered a letter written by Johnson, comments made by defense counsel, the evidence and testimony presented at trial, and the pre-sentence investigative report.
The trial judge made a clear record of Johnson's past criminal activity during the sentencing hearing of this case. Initially, this included two stays as a juvenile at the Ohio Youth Development Center for robbery and later for assault. In 1997, Johnson, as an adult, was found guilty of drug possession and placed on community control. While on community control, Johnson picked up two new drug cases (trafficking and possession with a school yard specification). Johnson was released from prison in April of 1998 and arrested in this matter within three weeks from his release.
The court then properly noted that this pattern of behavior did not speak well relative to the issue of recidivism and that Johnson possessed the greatest likelihood to commit future crimes. The court then sentenced Johnson to the maximum on all three counts with all terms of incarceration to run concurrently. According to Johnson's criminal past and the trial court's thorough analysis and adherence to R.C. 2929.14(C), the imposition of a maximum prison term on all counts was proper in this case. The first assignment of error is overruled.
Johnson's second assignment of error states:
 II. DURING CLOSING ARGUMENT THE PROSECUTOR IMPROPERLY VOUCHED FOR THE CREDIBILITY OF STATE'S WITNESS DETECTIVE MICHAEL RINKUS IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL.
During closing argument, the prosecutor indicated that he believed Detective Rinkus' testimony. Defense counsel lodged an objection which was sustained. The trial court did not give a limiting instruction. Johnson now argues that this statement was made to show the defense witness was a liar and, thereby, prejudiced his rights.
The prosecution is normally entitled to a certain degree of latitude in its concluding remarks. State v. Woodards (1966), 6 Ohio St.2d 14, 26,certiorari denied (1966), 385 U.S. 930, 87 S.Ct. 289; State v.Liberatore (1982), 69 Ohio St.2d 583, 589. A prosecutor is at liberty to prosecute with earnestness and vigor, striking hard blows, but may not strike foul ones. Berger v. United States (1935), 295 U.S. 78, 88,55 S.Ct. 629, 633. The prosecutor is a servant of the law whose interest in a prosecution is not merely to emerge victorious, but to see that justice shall be done. It is a prosecutor's duty in closing arguments to avoid efforts to obtain a conviction by going beyond the evidence which is before the jury. United States v. Dorr (C.A. 5, 1981), 636 F.2d 117.
The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. Dorr, supra, at 120. To begin with, the prosecution must avoid insinuations and assertions which are calculated to mislead the jury. Berger, supra, 295 U.S. at 88,55 S.Ct. at 633. It is improper for an attorney to express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused. State v. Thayer (1931), 124 Ohio St. 1; DR 7-106(C)(4) of
the Code of Professional Responsibility. Moreover, the code provides that an attorney is not to allude to matters which will not be supported by admissible evidence, DR 7-106(C)(1), and "* * * [a] lawyer should not make unfair or derogatory personal reference to opposing counsel. * * *" EC 7-37.
Generally, conduct of a prosecuting attorney at trial shall not be grounds for reversal unless the conduct deprives the defendant of a fair trial. State v. Apanovich (1987), 33 Ohio St.3d 19; State v. Papp (1978),64 Ohio App.2d 203. An appellant is entitled to a new trial only when a prosecutor asks improper questions or makes improper remarks and those questions or remarks substantially prejudiced appellant. State v. Smith
(1984), 14 Ohio St.3d 13. In analyzing whether an appellant was deprived of a fair trial, an appellate court must determine whether, absent the improper questions or remarks, the jury still would have found the appellant guilty. State v. Maurer (1984), 15 Ohio St.3d 239, 266; Statev. Dixon (Mar. 13, 1997), Cuyahoga App. No. 68338, unreported. The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. Smith v. Phillips (1982), 455 U.S. 209, 219, 102 S.Ct. 940,947, 71 L.Ed.2d 78, 87. In addition, should a defendant fail to object to the prosecutor's allegedly improper comments at trial pursuant to Crim.R. 52(B), the comments in question must rise to the level of plain error affecting the substantial rights of the defendant before this court can take notice of the error. Under a plain error analysis, reversal of a conviction is appropriate only if it can be said that, but for the alleged error, the result of the trial would clearly have been different.State v. Kent (1980), 68 Ohio App.2d 151; State v. Parker (Oct. 5, 1995), Cuyahoga App. No. 68156, unreported.
The conduct of a prosecuting attorney during trial cannot be made a ground of error unless that conduct deprives the defendant of a fair trial. It must be clear beyond a reasonable doubt that absent the conduct of the prosecution, the jury would still have found the defendant guilty.State v. Vrona (1988), 47 Ohio App.3d 145.
Importantly, we must consider the effect the misconduct had on the jury in the context of the entire trial. See Donnelly v. DeChristoforo (1974),416 U.S. 637, 643-645; State v. Keenan (1993), 66 Ohio St.3d 402, 410. Moreover, it is within the trial court's discretion to allow the prosecution, on cross-examination, to inquire whether another witness was lying. State v. Curry (Dec. 17, 1992), Cuyahoga App. No. 63438, unreported.
While it is improper for an attorney or prosecutor to comment on or express his or her personal belief as to the credibility of a witness, such is not prejudicial error unless it would have changed the results of the trial. Smith, supra, at 14; State v. Draughn (1992), 76 Ohio App.3d 664. The prosecutor's comment in question is as follows: * * * even if you didn't believe everything that Det. Rinkus indicated, and I do, * * *. (Emphasis added.) It is impossible to imagine that without these three words the jury would have found Johnson not guilty on all counts. While the comment may have been improper, it in no way prejudiced the rights of Johnson considering the actual words used and the context in which they were used. This court cannot find that absent these three words uttered by the prosecutor during closing argument the results of the trial would have been different. Accordingly, Johnson's second assignment of error is overruled.
The third and final assignment of error states:
 III. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL AS THERE WAS INSUFFICIENT EVIDENCE ON THE ESSENTIAL ELEMENTS OF THE CRIMES CHARGED.
In this assignment of error, Johnson is challenging the sufficiency of the evidence to convict him of Corrupting Another with Drugs under R.C.2925.02 (Count Four).
In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
Id. at paragraph two of the syllabus.
More recently, in State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio State Supreme Court stated the following with regard to the sufficiency as opposed to the manifest weight of the evidence:
 With respect to sufficiency of the evidence, `sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain the conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson
(1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
Id. at 386-387.
Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohen v. Lamko
(1984), 10 Ohio St.3d 167.
Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230.
Johnson's main contention is that the juvenile's testimony proves he did not induce or cause the juvenile to commit a felony drug abuse offense. The juvenile testified at trial for the defense that the confiscated drugs were his — not Johnson's — and that he was not selling drugs for Johnson. Of course, Johnson's argument fails to mention the testimony of all the police officers who observed the juvenile and Johnson interacting together on the street corner as buyers approached them. The trial judge was in the best position to weigh the credibility of the witnesses and determine if the state put forth sufficient evidence to submit to the jury.
The record is abundantly clear that there was sufficient evidence produced at trial showing Johnson induced or caused a juvenile to commit a felony drug abuse offense in violation of R.C. 2925.02; i.e., the essential elements of the crime. Therefore, the trial court properly submitted Count 4, Corrupting a Minor with Drugs, to the jury for its determination. The third assignment of error is overruled.
All assignments of error having been considered and ruled upon, the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ MICHAEL J. CORRIGAN, JUDGE
DYKE, A.J., CONCURS.
ROCCO, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION.