JOURNAL ENTRY and OPINION
Defendant appellant Sondra Hart appeals her convictions for vandalism and felonious assault. For the reasons below, the decision of the trial court is reversed and the case remanded.
On July 28, 2000, Sonjia Kyles sat in a parked car as Hart approached her vehicle and poured paint on it. Hart then smashed the driver's side window of the car with "The Club," an anti-theft device. Kyles was pregnant at the time of the incident, and her five-year-old son was in the back seat of the car.
Kyles drove away and called 911 from a nearby service station.
She testified that she and Hart had known each other for approximately six years. Since 1994, she had an extramarital affair with Everton Hart, Hart's husband. In May 2000, Everton left Hart and moved in with Kyles. At the time of the incident, she was in the parking lot in front of Everton's place of employment waiting to drive him home.
After a jury trial, Hart was found guilty of vandalism and felonious assault and was sentenced to a two-year community control sanction.
Hart raises the following assignments of error on appeal:
 I. THE PROSECUTION VIOLATED MS. HART'S CONSTITUTIONAL RIGHTS UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN IT ENGAGED IN IMPROPER CLOSING ARGUMENT THAT COMMENTED UPON THE DEFENDANT'S FAILURE TO PRESENT A DEFENSE AND WAS DESIGNED TO APPEAL TO THE PASSIONS OF THE JURY.
 III. THE TRIAL COURT ERRED WHEN IT PERMITTED STATE WITNESSES TO OPINE THAT STATE WITNESS KYLES' ACCOUNT OF WHAT HAPPENED WAS TRUTHFUL.
Hart argues that she was prejudiced by the culmination of several improper comments by the prosecution during closing argument.
The test for prejudice regarding prosecutorial misconduct in closing argument is "`whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant.'" State v.Hartman (Oct. 3, 2001), 93 Ohio St.3d 274; 754 N.E.2d 1150; State v.Hessler (2000), 90 Ohio St.3d 108, 125, 734 N.E.2d 1237, 1254, quotingState v. Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883, 885.
Closing arguments must be viewed in their entirety to determine whether the disputed remarks were prejudicial. State v. Mann (1993),93 Ohio App.3d 301, 312, 638 N.E.2d 585. Isolated comments by a prosecutor are not to be taken out of context and given their most damaging meaning. State v. Carter (2000), 89 Ohio St.3d 593,734 N.E.2d 345; citing, Donnelly v. DeChristoforo (1974), 416 U.S. 637,647, 94 S.Ct. 1868, 1873, 40 L.Ed.2d 431, 439.
An appellant is entitled to a new trial only when a prosecutor asks improper questions or makes improper remarks and those questions or remarks substantially prejudice appellant. State v. Smith,14 Ohio St.3d 13, 470 N.E.2d 883.
First, we review the comments of the prosecutor which Hart argues entitle her to a new trial.
A. ALIBI EVIDENCE
Hart maintains that the prosecuting attorney committed misconduct during closing argument by noting the defense's failure to present evidence of an alibi, when defense counsel had promised such evidence during his opening statement.
The following comments are at issue:
 "There is no alibi. There was no alibi defense presented because when the victim took the stand it was real clear she got a good look, she knows this woman, she saw it, it happened."
* * *
 "They promised you at the beginning of this case that there was going to be an alibi and there is no alibi. In other words, people were going to say she wasn't even there. That's what part of the defense was going to be. Once the testimony, once Ms. Kyles stood up to cross examination, a long cross examination, there was no alibi."
The State relies on State v. Pritchard, (Aug. 2, 2001), Cuyahoga App. No. 78497, unreported, arguing that its actions do not amount to reversible error.
As stated in Pritchard:
 It is long-standing precedent that the state may comment upon a defendant's failure to offer evidence in support of its case. Id., citing, State v. D'Ambrosio (1993), 67 Ohio St.3d 185, 193, 616 N.E.2d 909; State v. Williams (1986), 23 Ohio St.3d 16, 20, 490 N.E.2d 906. The state may therefore challenge the weight of the evidence offered in support of an exculpatory theory presented by the defense, see State v. Watson (1991), 61 Ohio St.3d 1, 9, 572 N.E.2d 97, so long as the state does not imply that the burden of proof has shifted to the defense, nor do they necessarily constitute a penalty on the defendant's exercise of his Fifth Amendment right to remain silent. State v. Collins (2000), 89 Ohio St.3d 524, 528, 733 N.E.2d 1118.
Here, despite Hart's contention, the prosecutor's remarks did not imply that the burden had shifted to Hart. Most importantly, the prosecutor never remarked upon Hart's failure to testify. Thus, the challenged remarks focused solely upon the weight of the evidence offered, or in this case, not offered, in support of the defendant's exculpatory theory of alibi. See Id.
In addition, the jury was instructed that Hart's failure to testify could not be considered for any purpose.
B. APPEAL TO THE EMOTIONS OF THE JURY
C. ARGUING FACTS NOT IN EVIDENCE
Hart argues that the prosecutor appealed to the jury's emotions and their sympathy for the victim, and that he invited the jurors to consider facts not admitted at trial.
The prosecutor's statements at issue are as follows:
 "I would ask you to put yourself in the shoes of that particular victim. If somebody who had hostility towards you, who you knew what the relationship was approaches you and out of the blue attacks your car * * * would it be * * no big deal, * * * or would you take that as an attack * * *?"
* * *
 "In a way, the luckiest person in the room is the defendant because if the blow as the blow is being struck with the force that it was being struck to shatter the window, if the blow had been any harder or if the window had been perhaps any weaker and it had struck her in the head, what kind of case would we be here?"
The wide latitude given the prosecution during closing arguments "does not `encompass inviting the jury to reach its decision on matters outside the evidence adduced at trial.'" State v. Freeman (2000),138 Ohio App.3d 408, 419, 741 N.E.2d 566, citing, State v. Smith (1984),14 Ohio St.3d 13, 14, 470 N.E.2d 883 (A prosecutor must avoid "insinuations and assertions which are calculated to mislead the jury".)
Here, the prosecutor's act of inciting the jurors' emotions by asking them to "put yourself in the victim's shoes" and to imagine "what could have been" instead of relying solely on the facts at hand was improper.
 D. ATTEMPT TO PROVE PROPERTY DAMAGE BY RELYING ON THE SERIOUSNESS OF THE ASSAULT
In attempting to prove that Hart caused damages in excess of $500, the prosecutor argued that, if his wife or loved one was pregnant and someone smashed her window, he would "not accept that as some kind of minor property damage." Hart argues that by stating the foregoing, the prosecutor advised the jury to find Hart guilty of vandalism even if the State failed to prove the property damage amount. We agree. Further, as discussed infra, we find that the State did not meet its burden regarding the vandalism charge.
E. ARGUING IN SUPPORT OF CONVICTION TO UPHOLD FAIRNESS
Hart argues that the prosecutor offered his personal opinion and invited the jury to evaluate the fairness of the judicial system as a whole instead of evaluating the guilt or innocence of Hart.
In concluding his closing argument, the prosecutor stated:
 "In my opinion a finding of guilt in this case will make it a more fair system. A finding of not guilty really would make this appear to be an unfair justice system."
"A prosecutor may not urge jurors to convict a defendant in order to protect community values, preserve civil order, or deter future lawbreaking." State v. Matthews (Apr. 9, 1998), Cuyahoga App. No. 72123, unreported, citing, United States v. Monaghan (C.A.D.C. 1984), 239 U.S. App. D.C. 275, 741 F.2d 1434, 1441-1442.
Further, the prosecutor erred in giving his opinion that the jury should make a finding of guilt in the case at bar. See, State v. Johnson
(Sept. 7, 2000), Cuyahoga App. No. 76865, unreported, citing, State v.Thayer (1931), 124 Ohio St. 1, 176 N.E. 656. However, "[w]hile it is improper for an attorney or prosecutor to comment on or express his or her personal belief * * *, such is not prejudicial error unless it would have changed the results of the trial. Smith, 14 Ohio St.3d at 14; Statev. Draughn (1992), 76 Ohio App.3d 664, 602 N.E.2d 790.
F. PREJUDICE TO HART
Thus, although we find that the above comments by the prosecutor were improper, we must still determine whether such remarks were so prejudicial as to deny Hart a fair trial. State v. Willard (2001),144 Ohio App.3d 767, 776, citing Freeman, supra, at 419.
As stated in Willard:
 The improper conduct must be assessed in the context of the entire case, and a reviewing court must also consider the cumulative effect of improper comments, because errors that are separately harmless may, when considered together, violate a person's right to a fair trial. Id.(Citations omitted.)
As discussed in further detail below, we conclude that the cumulative effect of the prosecutor's improper statements, when reviewed in light of the entire case, denied Hart a fair trial.
G. CREDIBILITY
There were no other witnesses who corroborated the victim's assertion that Hart committed the crimes in question. Thus, the determinative issue for the trier of fact was the truthfulness and credibility of Kyles. In addition to the above remarks, the prosecutor improperly invited the State's witnesses to testify to her credibility.
Hart asserts that the trial court erroneously permitted the State's witnesses, Officer Debeljak and Frank Banks, the service station attendant to whom Kyles spoke after the incident, to testify to Kyles' credibility.
The credibility of witnesses is exclusively for the trier of fact.State v. Jackson (Apr. 20, 2000), Cuyahoga App. No. 76141, unreported. Thus, it is improper for a witness to vouch for the credibility of a victim's account of an incident. See In re Shubutidze (Mar. 8, 2001), Cuyahoga App. No. 77879, unreported; see also, State v. Boston (1989),46 Ohio St.3d 108.
The following took place during Banks' testimony:
 Q. Did it ever occur to you that she was — did she appear to you to be just making the whole thing up?
[Defense counsel's objection was overruled.]
A. No.
 Q. Did her demeanor indicate that she was just making the whole thing up?
A. No.
Then, during Officer Debeljak's testimony the following was stated:
 Q. Was there anything in her demeanor or in your investigation which led you to believe that it had not unfolded as she reported it to you?
A. No.
In Jackson and Shubutidze, this court found that the trial court did not err in admitting lay witnesses' testimony regarding the credibility of other witnesses. However, we find the matter at hand is distinguishable from Jackson and Shubutidze.
In Jackson, this court held that the trial court did not err in admitting a police detective's testimony regarding the victim's veracity because the defense had "opened the door" to this type of questioning. And in Shubutidze, the testimony was permissible because we found that the police officer was not vouching for the victim's credibility but rather explaining the investigative procedure which the defense had called into question.
Here, however, the defense had not opened the door to the issue of credibility, nor had it challenged the investigation process of the police. The prosecutor acted inappropriately in asking the lay witnesses to vouch for the credibility of the witness. Thus, the trial court erred in overruling defense counsel's objection, as "it is the fact finder, and not the so-called expert or lay witnesses, who bears the burden of assessing the credibility and veracity of witnesses." Boston, citing,State v. Eastham (1988), 39 Ohio St.3d 307.
Although circumstantial evidence existed to support a finding that the event took place, the only evidence which supported a finding that Hart was the wrongdoer was the fact that Kyles was having an affair with Hart's husband. Kyles was the only person who could identify Hart as her attacker; thus, her credibility was a key issue in this case. SeeBoston; Eastham.
Therefore, based on the cumulative errors of the prosecutor, we find that the trial court's error of permitting this testimony was not harmless.
We recognize that Hart's counsel did not object to all of the remarks discussed above. However, we find that in the context of the entire case, and taking into consideration the cumulative effect of the erroneous comments and actions of the prosecutor during the State's case in chief and closing argument, reversal for a new trial is required even under a plain error analysis because the error affected the substantial rights of Hart. See Willard at 777.
Accordingly, the first and third assignments of error are sustained.
 IV. THE TRIAL COURT DENIED MS. HART DUE PROCESS OF LAW BY FAILING TO DISMISS THAT PORTION OF COUNT TWO RELATING TO THE ASSAULT ON MS. KYLES' FETUS.
 V. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO INSTRUCT THE JURY THAT IT MUST BE UNANIMOUS IN ITS DETERMINATION OF WHETHER THE VICTIM OF THE FELONIOUS ASSAULT IN COUNT TWO WAS KYLES, HER UNBORN, OR BOTH.
 VI. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT INCORRECTLY INSTRUCTED THE JURY ON THE ELEMENT OF PHYSICAL HARM RELATING TO COUNT TWO.
 VII. MS. HART WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION.
 VIII. THE TRIAL COURT INCORRECTLY CONVICTED MS. HART OF A FOURTH-DEGREE FELONY WITH RESPECT TO COUNT ONE, WHICH ONLY ALLEGES A FIFTH-DEGREE FELONY.
Because our disposition of the first and third assignments of error requires a remand for a new trial, the issues raised in assignments four through eight are rendered moot.
However, we will address Hart's sufficiency of the evidence claim in her second assignment of error because if we find error, the State will be barred from retrying Hart on the vandalism charge. Willard, at 777, citing, Freeman.
 II. THERE WAS INSUFFICIENT EVIDENCE OF THE ESSENTIAL ELEMENT THAT KYLES' PERSONAL VEHICLE WAS "BUSINESS PROPERTY" TO SUSTAIN A GUILTY VERDICT AS TO COUNT ONE, VANDALISM.
In her second assignment of error, Hart argues that the State did not have sufficient evidence to establish all the elements required to convict her of vandalism.
The concept of sufficiency of evidence is defined in State v.Thompkins (1997), 78 Ohio St.3d 380, 386-387, as follows:
 "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." * * * [S]ufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict, is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.
The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two at syllabus.
Hart was charged with violating R.C. 2909.05(B)(1)(a),[1] which provides that:
 No person shall knowingly cause physical harm to property that is owned or possessed by another, when * * *:
 (a) The property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation, and the value of the property or the amount of physical harm involved is five hundred dollars or more.
Hart argues that the State failed to prove that Kyles' car was used in her profession, business, trade, or occupation, and that the damage to her vehicle was $500 or more. Thus, Hart claims the State failed to establish the requisite elements of R.C. 2909.05(B)(1)(a).
In regard to the amount of damages, the State conceded that it had failed to prove that Hart's actions caused at least $500 in damages. During the argument on Hart's Crim.R. 29 motion, the prosecutor stated, "[t]here was no estimate given or no testimony as to what the exact amount of damage would be and I concede to that." (TR. 220.) Accordingly, the State failed to establish this essential element of the crime of vandalism.
In regard to the use of the vehicle, Kyles testified that her car was necessary for her job because she used the car for transportation to and from work. However, use of her car as means of transportation to her place of work does not amount to sufficient evidence that the car was used in her profession, business, trade, or occupation. State v. Webb (Nov. 15, 1991), Lucas App. No. L-90-280, unreported.
Accordingly, essential elements of the vandalism offense were not proven. Therefore, insufficient evidence existed to support a conviction for vandalism, and we sustain the second assignment of error.
Judgment reversed and case remanded for a new trial on the felonious assault charge only.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. and ANNE L. KILBANE, J. CONCUR.
[1] It is important to note that the elements of 2909.05(B)(1)(b) arguably were met. However, although the indictment identifies R.C. 2909.05
generally, the text of the indictment is a verbatim recitation of R.C.2909.05(B)(1)(a). In addition, the trial court only instructed the jury on the elements of 2909.05(B)(1)(a), without objection.