OPINION
Defendant-appellant John Edward Hudson appeals his conviction and sentence entered by the of the Stark County Court of Common Pleas on one count of possession of cocaine, in violation of R.C. 2925.11(A), following a jury trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1]
On March 14, 2001, the Stark County Grand Jury indicted appellant on one count of trafficking in cocaine, in violation of R.C. 2925.03(A); and one count of possession of cocaine, in violation of R.C. 2925.11(A). Appellant entered pleas of not guilty to the charges at his arraignment on March 16, 2001.
The matter proceeded to jury trial on May 4, 2001. After hearing all the evidence and deliberations, the jury found appellant not guilty of the offense of trafficking in cocaine, but guilty of possession of cocaine. Upon accepting the jury's verdict, the trial court sentenced appellant to a period of incarceration of seven years. The trial court memorialized the verdict and sentence via entry, captioned "Found Guilty by Jury in Part and Sentence Imposed," filed May 16, 2001.
It is from this conviction and sentence appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN NOT ORDERING A MISTRIAL FOLLOWING NUMEROUS INSTANCES OF PROSECUTORIAL MISCONDUCT WHICH DENIED APPELLANT A FAIR TRIAL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE OHIO UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT IN VIOLATION OF R.C. 2929.14(B).
 I
In his first assignment of error, appellant contends the trial court erred in failing to order a mistrial following numerous instances of misconduct by the prosecutor.
The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused.State v. Lott (1990), 51 Ohio St.3d 160, 555 N.E.2d 293. A prosecutor's conduct during trial cannot be grounds for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987),33 Ohio St.3d 19, 24, 514 N.E.2d 394, 400. The touchstone of analysis "is the fairness of the trial, not the culpability of the prosecutor."Smith v. Phillips (1982), 455 U.S. 209, 219, 102 S.Ct. 940, 947,71 L.E.2d 78, 87-88.
In State v. Smith (1984), 14 Ohio St.3d 13, 13-14, 470 N.E.2d 883,885, the Ohio Supreme Court explained:
 The prosecution is normally entitled to a certain degree of latitude in its concluding remarks. State v. Woodards (1966), 6 Ohio St.2d 14, 26, 215 N.E.2d 568, certiorari denied (1966), 385 U.S. 930, 87 S.Ct. 289, 17 L.Ed.2d 212; State v. Liberatore(1982), 69 Ohio St.2d 583, 589, 433 N.E.2d 561. A prosecutor is at liberty to prosecute with earnestness and vigor, striking hard blows, but may not strike foul ones. Berger v. United States (1935), 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314. The prosecutor is a servant of the law whose interest in a prosecution is not merely to emerge victorious but to see that justice shall be done. It is a prosecutor's duty in closing arguments to avoid efforts to obtain a conviction by going beyond the evidence which is before the jury. United States v. Dorr (C.A. 5, 1981), 636 F.2d 117.
Appellant takes issue with four statements made by the prosecutor during closing arguments. Appellant alleges these statements were comments on his failure to testify, vouched for credibility of the State's witnesses, and were otherwise improper comments about the evidence.
The first statement appellant challenges is as follows:
 MR. MARAGAS [PROSECUTOR]: However, on top of it we have a co-defendant here who is testifying — not only is all of this circumstantial and direct evidence pointing the same finger at this defendant, but we have a co-defendant here who is telling you the whole story and it makes sense. She's the only one here to have testified about what was happening in 1416 Third Street, South, upstairs.
 MR. LODICO [APPELLANT'S TRIAL ATTORNEY]: Make a motion for a mistrial.
 THE COURT: Understand. Caution, Mr. Prosecutor. Do not —
MR. MARAGAS: Yes.
Tr. (II) at 453.
Next, appellant takes issue with the prosecutor's remark immediately following the afore quoted caution:
 MR. MARAGAS: * * * Given the fact that there is no controverting evidence —
MR. LODICO: Objection.
THE COURT: Sustained. Move on with your argument.
Tr. (II) at 453.
The third allegedly improper statement is as follows:
 MR. MARAGAS: * * * And, ladies and gentlemen, there are some things that are irrefutable here, one of which is Mr. LoDico suggests the detectives must be lying about [appellant] coming out of that bathroom. He's refuting the fact that they say that. He had two detectives here testify that they visually observed him coming out of the bathroom.
 Why would they lie? Why would they put their job on the line? Why would they commit a crime themselves for this purpose? You have no reason for which, except for the fact that they are the most understanding of citizens that you know. You don't have anything else.
MR. LODICO: I object. I object and make a —
THE COURT: Sustained.
MR. LODICO: — motion for mistrial.
 THE COURT: Overruled. Can't comment on their credibility.
Sustained.
Tr. (II) at 475-476.
Finally, appellant argues the following was also improper:
 MR. MARAGAS: Additionally, Malita Brown stated that she was there every other day to pick up the money. With all this traffic that the surveillance had observed, with all this traffic of this case selling cocaine, there is no way you could be in this house and not know that drugs were being sold.
MR. LODICO: May I object? May we approach?
Tr. (II) at 477-478.
We turn to the first two challenged comments. We note, although the prosecution may comment upon a defendant's failure to offer evidence to support his case, the prosecutor may not comment on a defendant's decision not to testify. State v. Collins (2000), 89 Ohio St.3d 524,527-528, 733 N.E.2d 118, 1122, 2000-Ohio-231 (Citations omitted). We find the prosecutor's first statement improper as it implicitly referenced appellant's decision not to testify. Nonetheless, we do not find it prejudicially affected appellant's substantial rights. Appellant was not deprived of a fair trial as a result of the prosecutor's statement.
We find the second challenged statement of the prosecutor was not improper under Collins.
Appellant's third challenge is to the prosecutor's comments relative to the credibility of the detectives. It is improper for an attorney to express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused. State v. Thayer (1931), 124 Ohio St. 1,176 N.E. 656. We find this remark clearly comments on the officers' credibility and was improper. We note the State concedes this point in its brief to this Court.[2] However, we again find this remark did not effect the fairness of appellant's trial. Although appellant failed to request a curative instruction, the trial court sustained appellant's objection to the prosecutor's statement and gave the standard instruction advising the jury to disregard any sustained objections.
Though appellant's fails to specifically identify in his brief why the fourth challenged statement of the prosecutor is improper, we surmise it is because it is alleged to have been a misstatement of the evidence. We note the statement was in response to appellant's argument he did not know what was going on at the apartment and was simply at the wrong place at the wrong time. We find the statement was not improper. We find it constituted a fair rebuttal argument and a permissible inference based upon the evidence concerning drug activity at the house.[3] Even if the statement was improper, it would not have deprived appellant of a fair trial given the overwhelming evidence of his guilt.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant challenges the trial court's sentence.Although appellant concedes the offense for which he was convicted requires the imposition of a prison term pursuant to R.C.2923.13(F)(5), he submits the imposed prison term of seven years was inappropriate given his prior criminal history, which was minimal. Appellant concedes he had a prior conviction for aggravating trafficking in 1995, but notes he successfully completed probation and never served a prison term.
In order for an offense of possession of cocaine to rise to the level of a second degree felony, an offender must possess a range of 10 to 25 grams of cocaine. Appellant argues because he was convicted for being in possession of 11.8 grams of cocaine, which is on the low end, he maintains such should be weighed in favor of a lesser sentence. We do not find these arguments to be persuasive. Given appellant's previous conviction, and in light of the fact he was found in a drug house with 11.8 grams of cocaine on his person, we find the trial court's sentence was not in error.
Appellant's second assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: HOFFMAN, P.J. WISE, J. and BOGGINS, J. concurs
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] A rendition of the facts underlying this case is not necessary for our disposition of appellant's appeal.
[2] Brief of Appellee at 8.
[3] We do so despite the trial court's implicitly sustaining appellant's objection. See Tr. (II) at 478-479.