The State of Ohio, Appellee, *v.* Focht, Appellant.

[Cite as State v. Focht (1974), 37 Ohio St. 2d 173.]

(No. 73-305—Decided March 27, 1974.)

174

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Randal A. Anderson, Jr.,* for appellee.

*Mr. William F. Clinard,* for appellant.

*Per Curiam.* Appellant's primary contention is that the trial court abused its discretion by denying him the opportunity to present witnesses whose testimony would support his alibi. R. C. 2945.58[1] makes mandatory the filing of a notice of alibi where such a defense is contemplated (*State* v. *Payne* [1957], 104 Ohio App. 410), and, where notice is not properly filed it allows the trial court the discretion to admit or exclude evidence offered by the defendant to prove alibi. In the instant case, the trial commenced without defendant having filed a notice of alibi, or indeed having given any indication whatever of his intention to plead an alibi defense, presenting the prosecution with exactly the type of surprise defense which R. C. 2945.58 was designed to prevent. Referring to the alibi notice statute,[2]

---

[1] R. C. 2945.58 provides:

"Whenever a defendant in a criminal case proposes to offer in his defense, testimony to establish an alibi on his behalf, such defendant shall, not less than three days before the trial of such cause, file and serve upon the prosecuting attorney a notice in writing of his intention to claim such alibi. Notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi."

[2] The court, in *State* v. *Thayer,* was referring to G. C. 13444-20, which was substantially identical to the present R. C. 2945.58.

this court noted, in *State* v. *Thayer* (1931), 124 Ohio St. 1, 4, that:

"* * * It gives the state some protection against false and fraudulent claims of alibi often presented by the accused so near the close of the trial as to make it quite impossible for the state to ascertain any facts as to the credibility of the witnesses called by the accused * * *."

We cannot say that a trial court abuses its discretion in excluding the testimony of supporting alibi witnesses where a defendant has neither filed a notice of alibi prior to trial nor sought a continuance under the circumstances of this case. It follows that appellant's second assignment of error, that the trial court's instruction to the jury to disregard defense counsel's reference to alibi in his opening statement constituted prejudicial error, is equally without merit. Where no alibi notice has been filed and the trial court in the proper exercise of its discretion denies the introduction of the supporting testimony of alibi witnesses, their testimony is simply unavailable as a part of the defendant's case and reference to it by counsel is improper. Thus, where such reference has been made before the jury by counsel in his opening statement it is proper for the court to instruct the jury to disregard it, so as to dispel any effect the reference might have upon the verdict of the jury.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE and P. BROWN, JJ., concur.

STERN and W. BROWN, JJ., concur in the judgment.

STERN, J., concurring. In *Williams* v. *Florida* (1970), 399 U. S. 78, the Supreme Court upheld Florida's notice-of-alibi rule, but indicated that the constitutionality of such a statute might well depend on the reciprocity of discovery

that is afforded a defendant against the state. *Wardius* v. *Oregon* (1973), 412 U. S. 470, 472, subsequently confirmed that "* * * the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless recip-rocal discovery rights are given to criminal defendants. * * *"

The Ohio notice-of-alibi rule, at the time the defendant went to trial, was then existing R. C. 2945.58. That statute, unlike those of Florida and Oregon, did not require a defendant to furnish a list of alibi witnesses; it only required the defendant to specify the place where he claimed to have been at the time of the alleged offense. Although this distinction does not remove R. C. 2945.58 from the scope of *Wardius*, it does provide some indicia for the *quid pro quo* that *Wardius* says is required by the Fourteenth Amendment. In my judgment, the bill of particulars which was available to the defendant under R. C. 2941.07 provided sufficient mutual discovery. I also note the availability of R. C. 2945.50, which provided for the taking of depositions, by the defendant, of any witness.

Since July 1, 1973, notice of alibi has been required by Crim. R. 12.1. The continuing availability of a bill of particulars now under Crim. R. 7(E), and the liberal discovery provided by Crim. R. 16, are clearly sufficient to satisfy the "mutuality" requirement of *Wardius*.

It was conceded in oral argument that the defendant in this case failed to raise any constitutional objection to the Ohio notice-of-alibi statute at any stage in the proceeding. I believe that the Ohio rule was, and is, constitutional, and I, therefore, concur in the judgment.