THE STATE OF OHIO, APPELLEE, *v.* EDWARDS, APPELLANT.

(No. 7945—Decided October 17, 1975.)

*Mr. Carl Kuhnle,* for appellee.
*Mr. George Hopkins III,* for appellant.

POTTER, J. The defendant, Emmet Edwards, was indicted for the crime of aggravated burglary, a violation of R. C. 2911.11. On the day of trial, by a jury, after opening statements, the prosecutor objected to the proposed introduction of the defendant's work records on the day of the offense on the grounds that defendant was endeavoring to establish an alibi and no notice of alibi had been filed and served upon him.

The defendant proffered for the record that he was prepared to introduce work records and witnesses consisting of the defendant's foreman on his job and his supervisor. The purpose of such proffered testimony was to establish that the defendant was not at the scene but at his place of employment at the time of the alleged offense.

The trial court permitted the defendant to testify as to his whereabouts on the day of the crime, but did not permit corroborating testimony by employment records or

other means. The jury found defendant guilty. From the sentence, defendant appealed.

While there is no specific assignment of error, it is clear that the ruling of the trial court excluding the work records of the defendant and other corroborating evidence is the sole error alleged.

We find that substantial justice was not done and that, therefore, defendant's assignment of error is well taken.

Crim. R. 12.1 reads as follows:

"Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, *unless the court determines that in the interest of justice* such evidence should be admitted." (Emphasis added.)

R. C. 2945.58 states as follows:

"Whenever a defendant in a criminal cause proposes to offer in his defense, testimony to establish an alibi on his behalf, such defendant shall, not less than three days before the trial of such cause, file and serve upon the prosecuting attorney a notice in writing of his intention to claim such alibi. Notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi."

R. C. 2945.58 requires a proper exercise of discretion on the part of the trial court when it denies the introduction of supporting testimony of alibi witnesses. See *State* v. *Focht* (1974), 37 Ohio St. 2d. 173; Note, *Use of Judge's Discretion and Constitutionality of the Ohio "Alibi Statute" as Construed and Applied*, 24 Ohio St.

L. J. 693 (1963); *cf. Johns* v. *Perini* (C. A. 6, 1971), 440 F. 2d 577. As is apparent, Crim. R. 12.1 makes further reference to the trial court's discretion by the addition of the phrase, "unless the court determines that in the interest of justice such evidence should be admitted." As indicated, we believe that the interest of justice so dictated.

As *State* v. *Thayer* (1931), 124 Ohio St. 1, has asserted, the alibi notice statute gives the state protection against false and fraudulent claims of an alibi when they are presented so near the close of the trial as to make it impossible to ascertain any facts as to the credibility of the witnesses called by the accused.

Records are replete with alibi testimony from relatives, girlfriends and bar companions and, as to these, the rule pertaining to prompt notice is based on sound reasoning. Here, however, defendant proposed to introduce testimony and business records from a disinterested employer or supervisor. The question of the credibility of such witnesses and evidence would be at a minimum. In fact, such evidence is frequently sought by prosecutors as rebuttal evidence.

Considering the fact that only one state witness, a small boy, placed the defendant at the scene, defendant's alibi evidence is a vital factor in the determination of guilt or innocence. A trial is a search for the truth as well as an effort by the state to convict. Under the circumstances of this case, we believe that the trial court abused its discretion in not admitting the corroborative evidence. Defendant was thereby prejudiced and was prevented from having a fair trial. Substantial rights were affected. The judgment of the Court of Common Pleas of Lucas County is reversed and this cause remanded for a new trial.

*Judgment reversed and cause remanded.*

BROWN, P. J., and WILEY, J., concur.