OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from Appellant's conviction on one count of assault and one count violation of a protection order.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On August 20, 2003, an officer from the Newark Police Department was dispatched to investigate a reported altercation at the home of Tanya Parrish. (T. at 33-35). Upon arriving at the scene, the officer observed Tanya Parrish and her roommate Thomas Gough, outside near the garage by the alley, both of whom stated that they had been involved in an altercation with Appellant Anna Gough, Thomas's estranged wife. (T. at 34-35). Ms. Parrish had visible scratch marks and a torn shirt. Id. Ms. Parrish also told the officer that she had been bitten by Appellant. Id. Mr. Gough had a bite mark on his hand Id.
{¶ 4} Both Tanya and Thomas also told the officer that Thomas' son Greg was present and witnessed the altercation. (T. at 6)
{¶ 5} The officer also confirmed that there was an active protection order in place directing Anna Gough to stay at least 100 yards away from Thomas Gough and to further not contact or harass him. (T. at 25, 35-36).
{¶ 6} Appellant was charged with one count of assault and one count of violation of a protection order.
{¶ 7} Appellant entered pleas of not guilty to the charges.
{¶ 8} On March 8, 2004, this matter was tried to the bench.
{¶ 9} Tanya Parrish, Thomas Gough, Officer Trent Stanford testified on behalf of the State of Ohio. Appellant testified in her own defense. Additionally, Appellant tried to present testimony from her son Greg as to her whereabouts on the date in question. The trial court did not allow the presentation of this testimony because Appellant had failed to file a timely notice of alibi. (T. at 46).
{¶ 10} At the conclusion of the evidence, the trial court found Appellant guilty of both counts. On the count of assault, Appellant was sentenced to sixty days in the County Jail, with fifty days suspended, a $250.00 fine, plus court costs, and one year probation. On the protection order violation, the trial court sentenced Appellant to sixty days in the County Jail, with fifty days suspended, a $250.00 fine, plus court costs, and one year probation. The jail time on the two counts was ordered to be served concurrently.
{¶ 11} It is from this conviction and sentence Appellant appeals, assigning the following errors for review:
 ASSIGNMENT OF ERROR
{¶ 12} "I. The trial committed harmful error in allowing hearsay evidence to be admitted.
{¶ 13} "II. The trial court committed harmful error in precluding the defense from introducing evidence regarding the claimed alibi of the defendant.
{¶ 14} "III. The failure of trial counsel to file a timely notice of alibi denied the defendant appellant the effective assistance of trial counsel."
 I.
{¶ 15} In her first assignment of error, Appellant claims that the trial court erred when it allowed hearsay to be admitted into evidence. We disagree.
{¶ 16} Specifically, appellant argues that Officer Stanford should not have been allowed to testify that Tanya Parrish told him that Anna Gough had bitten her.
{¶ 17} Officer Stanford testified that when he arrived on the scene Ms. Parrish and Mr. Gough ". . . seemed lost. In a state of awe. Sort of in a state of awe." (T. at 34).
{¶ 18} When Officer Stanford went on to relay that Ms. Parrish had told him that she was bitten by Appellant, Defense counsel objected, arguing that such was hearsay.
{¶ 19} The trial court found the statements to fall within the excited utterance exception to the hearsay rule, relying on the officer's testimony that the victims were in a "state of awe". Id.
{¶ 20} Defense counsel argues that being in "awe" and being "excited" are not the same thing.
{¶ 21} Evid. R. 803 provides, in relevant part:
{¶ 22} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness: * * *
{¶ 23} "(2) Excited Utterance: A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."
{¶ 24} In State v. Wallace (1988), 37 Ohio St.3d 87, 89, the Supreme Court of Ohio, citing Potter v. Baker (1955),162 Ohio St. 488, set forth a four part test to determine what constitutes an excited utterance:
{¶ 25} "a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective,
{¶ 26} "(b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs,
{¶ 27} "(c) that the statement or declaration relate to such startling occurrence or the circumstances of such startling occurrence, and
{¶ 28} "(d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration."
{¶ 29} Upon review, we find the trial court did not abuse its discretion in concluding the statement falls within the excited utterance exception to the hearsay rule. We find the statement related to the circumstances surrounding the occurrence and that Ms. Parrish herself testified that she was still in a state of anxiety when Officer Stanford arrived and while she relayed the events to him and completed the written statement. (T. at 13). Ms. Parrish's testimony along with Officer Stanford's stating that the victims were in a "state of awe" upon his arrival supports the trial court's finding that the excited utterance exception applied.
{¶ 30} Assuming, arguendo, the trial court did err in admitting the statement, we find the admission of the statement did not substantially prejudice appellant as the victim herself had testified to the same events, and the outcome of the trial would not have been different had the court excluded the statement.
{¶ 31} Based on the foregoing, we find Appellant's first assignment of error not well-taken and overrule same.
 II.
{¶ 32} In her second assignment of error, Appellant claims that the trial court erred when it failed to allow Appellant to present evidence as to alibi. We disagree.
{¶ 33} It is undisputed that this written notice of her intention to claim alibi was not given in a timely manner, as provided by Crim.R. 12.1, which states:
{¶ 34} "Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted."
{¶ 35} Appellant did not file a notice of alibi pursuant to Crim.R. 12.1. Therefore, the trial court was permitted to exclude the alibi testimony. See Crim.R. 12.1.
{¶ 36} We review the trial court's determination to exclude alibi testimony for abuse of discretion. State v.Smith (1985),17 Ohio St.3d 98.
{¶ 37} In light of Appellant's failure to file a notice of alibi, we cannot say that the trial court abused its discretion by excluding the alibi evidence.
{¶ 38} Based on the foregoing, we find Appellant's second assignment of error not well-taken and overrule same.
 III.
{¶ 39} In her third assignment of error, Appellant contends that she was denied effective assistance of counsel. We disagree.
{¶ 40} Appellant contends she was denied effective assistance of counsel under the standard contained in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, based on defense counsel's failure to timely file the notice of alibi.
{¶ 41} Ohio adopted the standard contained in Strickland in the case of State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
{¶ 42} The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhartv. Fretwell (1993), 113 S.Ct. 838, 122 L.Ed.2d 180; Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373.
{¶ 43} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St.3d at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
{¶ 44} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter
(1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965, citing Lockhartv. Fretwell, supra.
{¶ 45} First, we examine whether counsel's performance fell below an objective standard of reasonable representation and violated of any of his essential duties to Appellant.
{¶ 46} A review of defense counsel's own statement supports a finding that counsel was negligent in filing said notice of alibi.
{¶ 47} Defense counsel stated:
{¶ 48} "No, Your Honor, there has not been [a notice of alibi filed]. With the number of cases that we have had it simply got . . . uh . . . I didn't believe that that was necessary or that we were actually going to go forward on this case today. I though it was actually another case that we were going forward on." (T. at 45).
{¶ 49} We must next determine whether appellant was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect.
{¶ 50} During the bench trial, the court heard testimony from the victim, an eye witness and the investigating officer. The trial court was also presented with photographs showing the injuries suffered by the victim on the night in question.
{¶ 51} Even if a notice of alibi had been filed and Appellant's son Greg Gough had been allowed to testify that he was with his mother on the night in question and that they did not go to his father's house that night, the trial court could have found that such witness was biased and not found such to be credible.
{¶ 52} Having failed to find that the outcome of the trial would have been different, we do not therefore find that the negligence of counsel in failing to file the notice of alibi prejudiced Appellant.
{¶ 53} Based on the foregoing, we find Appellant's third assignment of error not well-taken and overrule same.
{¶ 54} The decision of the Licking County Court of Common Pleas is affirmed.
Boggins, J., Wise, P.J. and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking, Ohio, is affirmed. Costs assessed to Appellant.