[Cite as *State v. Troche*, 2013-Ohio-3110.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 12CA86 |
| GEORGE J. TROCHE | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case No. 2012-
                             CR-202

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      July 15, 2013

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JOHN J. MAYER                          RANDALL FRY
JOHN NIEFT                             10 West Newlon Place
38 South Park Street                   Mansfield, OH 44902
Mansfield, OH  44902

*Gwin, P.J.*

{¶1} Defendant-appellant George Troche ("Troche") appeals from the August 12, 2012 Judgment Entry of the Richland County Court of Common Pleas convicting and sentencing him after a jury trial on one count of Burglary in violation of R.C. 2911,12(A)(3), a felony of the third degree; and one count of Theft of Drugs in violation of R.C. 2913.02(A)(i), a felony of the fourth degree

*Facts and Procedural History*

{¶2} Money, medications, liquor, jewelry, and purses were stolen during a break-in at the residence of Richard Minor on November 7, 2011 at 1 p.m. Minor lived at 65 Penn Avenue, in Mansfield, Ohio.

{¶3} Tina Wischhusen, who lived across the street, observed two stocky men of mixed race walking down Penn Avenue. One had a yellow shirt and appeared to be her neighbor, Jared Williams; the other, stockier man was in a red shirt and had a backpack.

{¶4} Both men walked around the residence and then went up onto the porch. The man in the yellow shirt then backed down onto the steps of the porch as the man in the red shirt smashed in the front window and opened the door. The man in the yellow shirt then ran off down the street. Approximately five minutes later, the man in the red shirt emerged from the back of the residence. He was still carrying the backpack, but it appeared to be much heavier. The man in the red shirt struggled to carry the backpack as he ran away.

{¶5} Tina's neighbor, Jared Williams, testified that he was the man in the yellow shirt. Jared was walking with Troche from a local convenience store down Penn

Avenue. Jared testified that he and Troche were walking around Minor's residence as a shortcut back from the store. Troche was wearing a red shirt and carrying a backpack. Troche and Jared walked onto Minor's front porch. Jared unsuccessfully attempted to contact his cousin, who lived in the adjoined apartment. After this, Jared saw Troche put on gloves and smash the window in the door of Minor's residence. Troche had the gloves in his back pants pocket. Jared backed off onto the steps and then ran away when he saw Troche break the glass. The police caught Jared a short time later and while in custody, he gave the police a statement. Two to three weeks after the break-in, Jared received a message from Troche on Facebook stating "R.I.P."

{¶6} Richard Minor testified to the damage to his residence and his stolen items. Shortly before trial, Troche called Minor on his home phone two nights in a row and threatened him. Troche told Minor that he should not testify and that he would kill Minor when he saw him.

{¶7} Troche testified in his own defense. He denied being at the scene of the burglary.

{¶8} Troche was indicted for Burglary in violation of R.C. 2911,12(A)(3), a felony of the third degree and Theft of Drugs in violation of R.C. 2913.02(A)(i), a felony of the fourth degree. The jury found Troche guilty of burglary and theft. Troche was sentenced to an aggregate sentence of three years' incarceration.

*Assignments of Error*

{¶9} Troche raises four assignments of error,

{¶10} "I. THE DEFENDANT-APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT IN THE UNITED STATES CONSTITUTION TO EFFECTIVE

ASSISTANCE OF COUNSEL AS THE TRIAL COUNSEL FAILED TO FILE A PROPER NOTICE OF ALIBI. THEREBY PROHIBITING THE DEFENDANT-APPELLANT FROM SETTING FORTH A VALID DEFENSE.

{¶11} "II. THE DEFENDANT-APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT IN THE UNITED STATES CONSTITUTION AS A RESULT OF TRIAL COUNSEL'S FAILURE TO OBJECT TO THE PLAINTIFF-APPELLEE'S CROSS-EXAMINATION OF THE DEFENDANT-APPELLANT CONCERNING HIS TESTIMONY AS TO WHERE HE WAS AND WHO HE WAS WITH WHEN THE BURGLARY AND THEFT OCCURRED.

{¶12} "III. THE VERDICT OF GUILTY AGAINST THE DEFENDANT-APPELLANT FOR COMMITTING THE CRIMES OF BURGLARY AND THEFT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE

{¶13} "IV. THE TRIAL COURT COMMITTED ABUSE OF DISCRETION TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY EXCLUDING ALIBI EVIDENCE WHEN NO OBJECTION TO SAID EVIDENCE WAS MADE."

I & II

{¶14} Because we find the issues raised in Troche's first and second assignments of error are closely related, for ease of discussion we shall address the assignments of error together.

{¶15} In his first assignment of error, Troche argues that his trial counsel was ineffective for failing to file a timely notice of alibi. In his second assignment of error, Troche contends that his trial counsel was ineffective in failing to object to the cross-examination of him regarding his alibi.

{¶16}   A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{¶17} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley*, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.

{¶18}   In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. Prejudice warranting reversal must be such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would "reasonably likely been different" absent the errors. *Strickland*, 466 U.S. 695, 696. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, supra; *Bradley*, supra.

{¶19}   The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient

before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, quoting *Strickland* at 697. Accordingly, we will direct our attention to the second prong of the *Strickland* test.

**1. Failure to file notice of alibi.**

**{¶20}** Crim. R. 12.1 provides,

Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted.

**{¶21}** The purpose of Crim.R. 12.1 is to provide the State "some protection against false and fraudulent claims of alibi often presented by the accused so near the close of the trial as to make it quite impossible for the state to ascertain any facts as to the credibility of the witnesses called by the accused." *State v. Thayer*, 124 Ohio St. 1, 4, 176 N.E. 656(1931); *State v. Jamison*, 49 Ohio St.3d 182, 188, 552 N.E.2d 180(1990).

**{¶22}** At trial, Troche testified on cross-examination that he was at Lamont's house on South Diamond recording music with Lamont Miller, John Graham and Cashus Ewers. (1T. at 218). Thus, Troche was not denied the right to testify concerning

his whereabouts at the time covered by the indictment. *State v. Thayer*, 124 Ohio St. 1, 4, 176 N.E.2d 656(1931). What Troche cannot do is present corroborating or extrinsic evidence for the purpose of proving his alibi.

**{¶23}** In addition, the record is clear that Troche's attorney was never given an address to locate the alibi witnesses. (1T. at 214). The following exchange occurred during Troche's jury trial,

> [DEFENSE COUNSEL]    I would like an attempt to find this Lamont Miller. He gave me a general address, didn't give me and address, but he just said about where he was.
>
> * * *
>
> He did tell me that, I couldn't find the guy. He didn't have an address from being in jail. So I go knocking on doors and nobody knows where he is.
>
> ***
>
> [THE COURT]      What did he tell you the information that could locate him?
>
> [DEFENSE COUNSEL]     He told me he was on South Diamond someplace, that's big. (1T. at 238-239).

**{¶24}** Trial counsel cannot be faulted for failing to give notice seven days prior to trial when the address of the witness is unknown.

**{¶25}** Assuming, arguendo, the performance of trial counsel fell below an objective standard of reasonableness, Troche cannot show, with reasonable probability, that the outcome of the trial would have been different.

**{¶26}** On cross-examination, Troche testifies as to his whereabouts at the time covered by the indictment. In addition, the jury heard testimony from Tina, who lived across the street, Jared who testifed he was with Troche when Troche broke into the apartment, and Richard Minor. The neighbor's testimony in the case at bar corroborated Jared's testimony in the crucial respects. Jared was familiar with Troche so there is no danger of misidentification on his part. Further, both Jared and Minor testified that they received similar threats from Troche concerning their testimony at his upcoming trial.

**{¶27}** Having failed to find that the outcome of the trial would have been different, we do not therefore find that actions of counsel in failing to file the notice of alibi prejudiced Troche.

### 2. Failure to object.

**{¶28}** Troche contends that his trial counsel was ineffective in failing to object to the cross-examination of him regarding his alibi.

**{¶29}** "'The failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel.'" *State v. Fears*, 86 Ohio St.3d 329, 347, 715 N.E.2d 136(1999), quoting *State v. Holloway*, 38 Ohio St.3d 239, 244, 527 N.E. 2d 831(1988). *Accord, State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶233. A defendant must also show that he was materially prejudiced by the failure to object. *Halloway*, 38 Ohio St.3d at 244, 527 N.E.2d 831.

**{¶30}** When addressing prejudice, a court must observe whether "there is a reasonable doubt that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Strickland v. Washington* 466 U.S. at 695, 104 S.Ct. 2052, 80

L.Ed.2d 674. In making this determination, an appellate court hearing an ineffectiveness claim must consider the totality of the evidence before the jury. Id.

**{¶31}** In the case at bar, Troche testified that he was not the person who was with Jared and that he, Troche, did not break into Richard Minor's residence. The state can ask Troche where he was and who he was with at the time under these circumstances.

**{¶32}** It is improper for a prosecuting attorney to notify a jury that evidence would be offered to prove an alibi when such notice has not been filed. *State v. Cocco*, 73 Ohio App. 182, 186-187(5th Dist. 1943); *State v. Fuller*, 8th Dist. Nos. 63987, 63988, 1993 WL 437596(Oct. 28, 1993); *State v. Woodruff*, 2nd Dist. No. 7943, 1982 WL 3896(Dec. 22, 1982). However, in the present case, this court finds that the prosecutor's questioning of Troche on this issue is harmless error.

**{¶33}** The neighbor's testimony in the case at bar corroborated Jared's testimony in the crucial respects. Jared was familiar with Troche so there is no danger of misidentification on his part. Further, both Jared and Minor testified that they received similar threats from Troche concerning their testimony at his upcoming trial.

**{¶34}** Accordingly, we hold that Troche has not met the burden of demonstrating that the decision reached would reasonably likely have been different absent the errors of defense counsel. *See*, *Strickland,* 466 U.S. at 696, 104 S.Ct. 2052, 80 L.Ed.2d 674.

**{¶35}** Troche's first and second assignments of error are overruled in their entirety.

III.

{¶36} In his third assignment of error, Troche argues the jury's findings of guilty are against the manifest weight of the evidence.

{¶37} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶ 146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶ 68.

{¶38} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio–355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) at 1594.

**{¶39}** When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, supra, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶40} There is no dispute that Minor's home was broken into and items of property were stolen. Troche's main argument is that the testimony of the witnesses is inconsistent and should not be believed.

{¶41} However, Tina and Jared's testimony are consistent on the substantive facts. Tina and Jared both testified that Jared and a rotund man in a red shirt with a backpack were walking together down Penn Avenue and that these men walked around the house at 65 Penn Avenue. Tina could not identify the man in the red shirt, but knew him to be stocky like Troche. Jared identified the man in the red shirt as Troche. Tina and Jared also testified that Jared began to back off the porch as Troche broke the window on the door of 65 Penn Avenue. Both then testified that Jared ran off down the street. Tina then saw the individual in the red shirt come from the back of the residence with a very full backpack.

{¶42} The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 1997-Ohio-260, 674 N.E.2d 1159. Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai,* 7th Dist. No. 07 MA 198, 2008–Ohio–6635, ¶31, quoting *State v. Woullard,* 158 Ohio App.3d 31, 2004–Ohio–3395, 813 N.E.2d 964(2nd Dist.), ¶81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. No. 99 CA 149, 2002–Ohio–

1152, at ¶13, citing *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

{¶43} In *Cross v. Ledford,* 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954), the Supreme Court further cautioned,

> The mere number of witnesses, who may support a claim of one or the other of the parties to an action, is not to be taken as a basis for resolving disputed facts. The degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value. *Where the evidence is in conflict, the trier of facts may determine what should be accepted as the truth and what should be rejected as false.* See *Rice v. City of Cleveland,* 114 Ohio St. 299, 58 N.E.2d 768.

161 Ohio St. at 477–478. (Emphasis added). The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter,* 131 Ohio St.3d 67, 2011–Ohio–6524, 960 N.E.2d 955, ¶ 118*. Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed .2d 646 (1983).

> A fundamental premise of our criminal trial system is that 'the jury is the lie detector.' *United States v. Barnard,* 490 F.2d 907, 912 (9th

Cir.1973), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and ... practical knowledge of men and the ways of men.' *Aetna Life Ins. Co. v. Ward,* 140 U.S. 76, 88, 11 S.Ct. 720, 724–725, 35 L.Ed. 371 (1891).

*United States v. Scheffer* (1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266–1267(1997).

**{¶44}** Although Troche cross-examined the witnesses and argued that their testimony was inconsistent and not to be believed, and further that Troche was elsewhere at the time, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180(1990).

**{¶45}** The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". *State v. Craig,* 10th Dist. No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) citing *State v. Nivens,* 10th Dist. No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the jury need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* Franklin App. No. 02AP–604, 2003–Ohio–958, ¶ 21, citing *State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. No. 02AP–1238, 2003–Ohio–2889, citing *State v. Caldwell* (1992), 79 Ohio

App.3d 667, 607 N.E.2d 1096 (4th Dist.1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks, supra.*

**{¶46}** We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *Martin,* 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost their way nor created a miscarriage of justice in convicting Troche of burglary and theft.

**{¶47}** Based upon the foregoing and the entire record in this matter, we find Troche's convictions were not against the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before it. The jury as a trier of fact can reach different conclusions concerning the credibility of the testimony of Tina, Jared, Minor and Troche at trial, and concerning the evidence presented by the parties; this court will not disturb that finding so long as competent evidence was present to support it. *State v. Walker,* 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The jury heard the witnesses, evaluated the evidence, and was convinced of Troche's guilt.

**{¶48}** Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime of burglary and theft of drugs beyond a reasonable doubt.

**{¶49}** Troche's third assignment of error is overruled.

IV.

**{¶50}** In his fourth assignment of error, Troche alleges that the trial court abused its discretion when it excluded his alibi testimony because he had not filed a notice of alibi.

**{¶51}** The Ohio Rules of Criminal Procedure require written notice of alibi not less than seven days before trial. Absent notice, a trial court may exclude alibi evidence "unless the court determines that in the interest of justice such evidence should be admitted." Crim.R. 12.1. Sound reasons exist for the notice requirement. As the Ohio Supreme Court has noted,

> "Records are replete with alibi testimony from relatives, girlfriends
>
> and bar companions and, as to these, the rule pertaining to prompt notice
>
> is based on sound reasoning."

*State v. Jamison*, 49 Ohio St.3d 182, 189, 552 N.E.2d 180(1990), quoting *State v. Edwards*, 52 Ohio App.2d 120, 122, 368 N.E.2d 302(6th Dist. 1975). To refuse to enforce an alibi notice requirement would be to nullify it. *State v. Nooks*, 123 Ohio St. 190, 174 N.E. 743(1930); *see, also*, *State v. Focht*, 37 Ohio St.2d 173, 309 N.E.2d 922(1974).

**{¶52}** In the case at bar, Troche did not file a notice of alibi pursuant to Crim.R. 12.1. Therefore, the trial court was permitted to exclude the alibi testimony. See Crim.R. 12.1.

**{¶53}** We review the trial court's determination to exclude alibi testimony for abuse of discretion. *State v. Smith* (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128(1985); *Accord, State v. Gough*, 5th Dist. No. 2004CA00022, 2004-Ohio-4550, ¶36.

**{¶54}** The trial court did abuse its discretion by not permitting Troche to testify on direct examination concerning his whereabouts and whom he claimed to be with on the day in question. *State v. Thayer*, 124 Ohio St. at 4, 176 N.E.2d 656. However, the trial court did not abuse its discretion by ruling that Troche cannot present additional witnesses for the purpose of proving his alibi.

**{¶55}** We find any error by the trial court to be harmless beyond a reasonable doubt. In the case at bar, Troche did not subpoena anyone to testify concerning his alibi. No witness was present at the time of trial and prepared to testify on Troche's alibi claim. (1T. at 238-239). In light of Troche's failure to have any witness who would testify on his behalf, we cannot say that the trial court abused its discretion by excluding additional witnesses for the purpose of proving his alibi. As the Second District Court of Appeals observed,

> Where, as here, the State is left unaware of the identity of the alibi witness until only days before trial, its ability to determine the credibility of such witness is clearly frustrated. A finding to the contrary would thwart the protective aim of Crim.R. 12.1.

*State v. Ellington*, 2nd Dist. No. 22254, 2008-Ohio-986, ¶33; See also, *State v. Focht*, 37 Ohio St.2d 173, 175, 309 N.E.2d 922(construing R.C. 2945.58's notice of alibi requirements and holding trial court did not abuse its discretion in excluding testimony of supporting alibi witness where defendant, whose counsel stated that two alibi witnesses had been located the night before trial, neither filed notice of alibi prior to trial nor sought a continuance).

**{¶56}** Troche's fourth assignment of error is overruled.

**{¶57}** The decision of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

WSG:clw 0626

[Cite as *State v. Troche*, **2013-Ohio-3110.**]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
            Plaintiff-Appellee         :
                                       :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
GEORGE J. TROCHE                       :
                                       :
                                       :
            Defendant-Appellant        :        CASE NO. 12CA86


        For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Richland County Court of Common Pleas is affirmed.   Costs to appellant.


                                       _____
                                       HON. W. SCOTT GWIN


                                       _____
                                       HON. SHEILA G. FARMER


                                       _____
                                       HON. JOHN W. WISE