[Cite as *State v. Hall*, 2014-Ohio-4446.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| TRACY HALL | : | Case No. 14-CA-37 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Licking County
                            Court of Common Pleas, Case No.
                            13 CR 00735


JUDGMENT:                   Affirmed


DATE OF JUDGMENT:           October 2, 2014


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KENNETH W. OSWALT                     STEPHEN T. WOLFE
Licking County Prosecutor             Wolfe, Van Wey & Associates, LLC
                                      1350 W. 5th Ave., Suite 119
By: PAULA M. SAWYERS                  Columbus, OH 43212
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, OH 43055

*Baldwin, J.*

{¶1}    Appellant Tracy Hall appeals a judgment of the Licking County Common Pleas Court convicting him of aggravated burglary (R.C. 2911.11(A)(1)) and burglary (R.C. 2911.12(A)(1)).  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}    Amber Dolby and appellant were friends for several years, having met through Dolby's former roommate.  Dolby had a boyfriend, but appellant gave her the impression that he wanted a romantic relationship with her.   Appellant did not like Dolby dating John, her boyfriend, and Dolby's boyfriend John did not approve of her friendship with appellant.

{¶3}    At 1:00 a.m. on November 28, 2013, Dolby was home in her apartment in Newark with her son and her daughter, watching a movie.  Someone started banging on her door.  She saw through the peephole that it was appellant.  She had become fearful of appellant due to his behavior in tracking her whereabouts.  She did not want to let him into her apartment, and she called her boyfriend.

{¶4}    Dolby sat on her stairs and kept her boyfriend on the phone, without answering the door.  She heard appellant say that he wanted to talk, and he sounded closer than outside the apartment door.   She looked around the corner and saw appellant standing in her kitchen.  He claimed the door was unlocked, but Dolby knew the door had been locked.  They began to argue.  Dolby asked appellant to leave, and he refused.  He told her he wanted a camera and chargers back which he had left at her house.  She retrieved his things, but appellant would not leave.  Dolby tried to push appellant out the door, and he shoved her against the refrigerator.  She tried to push

him again, and he pushed her against the counter. She finally got him outside the door long enough to attempt to shut it, but appellant pushed back into the apartment. He grabbed her phone from the kitchen table and threw it against the floor, smashing the phone. Appellant said, "Good luck talking to your boyfriend now." Tr. 96. The phone no longer worked. Appellant then fled.

{¶5} A neighbor heard the commotion and called the Newark police. Police found pieces of the wooden door frame outside on the sidewalk and inside the apartment, as if the door had been kicked in by force. Dolby was crying and upset, and displayed red marks and scratches on her arms.

{¶6} Appellant was indicted by the Licking County Grand Jury with burglary and aggravated burglary. The case proceeded to jury trial in the Licking County Common Pleas Court. Appellant was convicted of both charges and sentenced to three years incarceration for aggravated burglary and two years incarceration for burglary, to run concurrently. He assigns five errors on appeal:

{¶7} "I. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS.

{¶8} "II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.

{¶9} "III. THE JURY'S VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶10} "IV. THE APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶11} "V.   THE COURT ERRED WHEN IT PERMITTED THE INTRODUCTION OF EVIDENCE THAT WAS IMPERMISSIBLE HEARSAY."

I., II., III.

{¶12} We address appellant's first three assignments of error together, as he makes the same argument concerning sufficiency of the evidence and weight of the evidence in each assignment of error.

{¶13} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"  *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶14} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶15} Appellant was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1):

> (A) No person, by force, stealth, or deception, shall trespass
>
> in an occupied structure or in a separately secured or separately

occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

(1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]

{¶16} Appellant was also convicted of burglary in violation of R.C. 2911.12(A)(1):

(A) No person, by force, stealth, or deception, shall do any of the following:

(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense[.]

{¶17} Appellant challenges whether the evidence was sufficient to prove the underlying offense of criminal damaging. Criminal damaging is defined by R.C. 2909.06(A)(1):

{¶18} "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:

{¶19} "(1) Knowingly, by any means[.]"

{¶20} Appellant first argues that the evidence did not demonstrate that he caused physical harm to Amber Dolby's cell phone. He argues that her phone was not broken, and "all that happened was that the battery cover, battery, and SIM card were unattached." He argues that this "damage" is at most wear and tear from normal use.

{¶21} Dolby testified that appellant slammed the phone to the ground, causing it to separate into four pieces, which rendered the phone inoperable and terminated her connection with her boyfriend, who remained on the line during Dolby's encounter with appellant. Damage caused by throwing a cell phone to the ground is not wear and tear from normal use. This is sufficient evidence, if believed by the jury, to demonstrate that appellant caused or created a substantial risk of physical harm to Dolby's cell phone. Further, the judgment is not against the manifest weight of the evidence based on this testimony of Dolby.

{¶22} Appellant also argues that even if damage was caused to the phone, there was no evidence presented that he purposely committed the offense because he and Dolby were pushing each other, and it is "unclear if she dropped the phone herself while pushing appellant. Dolby testified that appellant slammed the phone to the floor, saying, "Good luck talking to your boyfriend now." Tr. 96. From this evidence, the jury could conclude that Dolby did not drop the phone herself while pushing appellant. The judgment is not against the manifest weight and sufficiency of the evidence.

{¶23} The first, second and third assignments of error are overruled.

IV.

{¶24} In his fourth assignment of error, appellant argues that counsel was ineffective for failing to object to hearsay in the testimony of Newark Police Sgt. Bert

Gliatta and in the testimony of Dolby's neighbor, Devann Hilliard.  He also argues counsel was ineffective for failing to object to prosecutorial misconduct in closing argument.

{¶25}  A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different.   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).  In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  *Id.*

{¶26}  Appellant argues that counsel was ineffective for failing to object to hearsay testimony of Sgt. Gliatta and of Devann Hilliard.  Counsel objected to both hearsay statements cited by appellant in the record.  However, the court ruled that if the State could lay the groundwork for admission as an excited utterance, he would allow the testimony.  Counsel for appellant did not object after the groundwork for admission as an excited utterance was laid by the State.

{¶27}  An "excited utterance" is defined as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Evid.R. 803(2).

{¶28}  Sgt. Gliatta testified that when he spoke to Dolby upon his arrival at the crime scene, she seemed excited, had difficulty speaking, and was crying.  Tr. 71.  He

testified that when he asked her questions, it took her a little longer to gather herself because she was crying in between her statements. Tr. 72. Based on his experience, it appeared that something traumatic had just happened to her. *Id.* Gliatta then testified that Dolby told him that she was familiar with the suspect, and that he had stayed there or visited in the past but did not live there. Because Gliatta's testimony established that at the time he talked to Dolby she was still under the stress of the break-in and her statements related to the event, counsel was not ineffective for failing to object after the foundation was laid to admit the hearsay evidence as an excited utterance.

{¶29} Dolby's neighbor, Devann Hilliard, testified that she heard arguing from Dolby's apartment, and that Dolby sounded scared and distressed. Tr. 140-141. She went on to testify that she heard Dolby say, "I didn't want you here. You need to leave." Tr. 141. She also testified that Dolby told her she didn't have a phone because appellant broke it, and appellant then grabbed Dolby by the arms and said, "I got you." Tr. 141. Hilliard witnessed appellant break the door frame when Dolby attempted to push him outside of the door. Hilliard's testimony established that Dolby was under the stress of a startling event and her statements were related to this event. Because Hilliard's testimony laid the foundation to admit Dolby's hearsay statements as an excited utterance, counsel was not ineffective for failing to object.

{¶30} Appellant also argues that counsel was ineffective for failing to object to prosecutorial misconduct in closing argument. He argues that the prosecutor improperly commented on his failure to testify when the prosecutor said, "And he inflicted damage on – and physical injury to Amber Dolby. There's no testimony to say otherwise, that's exactly what happened." Tr. 164. Although counsel for appellant did

not object, immediately thereafter counsel for appellant argued to the jury that the prosecutor implied that appellant should have testified, that he has a constitutional right not to testify, and that the judge would be instructing the jury that they could not hold that against appellant.  Tr. 164-165.

{¶31}  The state may comment upon a defendant's failure to offer evidence in support of its case. *State v. Collins*, 89 Ohio St.3d 524, 733 N.E.2d 1118 (2000). "Such comments do not imply that the burden of proof has shifted to the defense, nor do they necessarily constitute a penalty on the defendant's exercise of his Fifth Amendment right to remain silent." *Id.* at 528-29, 733 N.E.2d 1118. The state must refrain from commenting on a decision not to testify, but the state may challenge the weight of evidence offered by the defense in support of its theory of the case. *Id.* The state does not have a duty to disprove every possible circumstance suggested by the defendant. *Id.*

{¶32}  The prosecutor did not comment on appellant's failure to testify.  Rather, the prosecutor permissibly commented on appellant's failure to offer evidence in support of his case, and also on the consistency of the testimony offered by the State.  Counsel was not ineffective for failing to object, as appellant has not demonstrated that had counsel objected, the result of the trial would have been otherwise.

{¶33}  The fourth assignment of error is overruled.

V.

{¶34}  Appellant argues that the court erred in admitting hearsay over objection by counsel through the testimony of John Jefffries, Dolby's boyfriend.  He testified

concerning what Dolby said to him on the telephone about appellant when appellant was at her door.

{¶35} The trial court overruled the objection to the testimony, finding that the hearsay was admissible as a present sense impression pursuant to Evid. R. 803(1):

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> (1) Present sense impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness.

{¶36} Appellant does not challenge the court's finding that Dolby's statements were describing an event while she was perceiving the event. Rather, he argues the circumstances indicate a lack of trustworthiness because although Dolby denied any romantic relationship with appellant, "it is clear that there was some sort of relationship between the Appellant and Ms. Dolby, which would give her a reason to be untruthful about his actions when she is speaking with her *other* boyfriend, Mr. Jeffries." Brief of appellant, page 11.

{¶37} The admission or exclusion of relevant evidence is within the sound discretion of the trial court. *State v. Sage*, 31 Ohio St. 3d 173, 510 N.E.2d 243, syllabus 2 (1987). An abuse of discretion implies that the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 450 N.E.2d 1140 (1983).

{¶38} The trial court did not abuse its discretion in admitting the testimony of Jeffries concerning his telephone conversation with Dolby. There was no evidence that appellant was involved romantically with Dolby. Despite attempts on cross-examination to demonstrate that the relationship was not strictly platonic, Dolby continued to maintain that she and appellant were just friends. Further, Dolby testified to the same conversation that Jeffries testified about, and appellant was therefore not prejudiced by Jeffries' testimony concerning this conversation. See *State v. Gough*, 5th Dist. Licking App. No. 2004CA00022, 2004-Ohio-4550, ¶30.

{¶39} The fifth assignment of error is overruled.

{¶40} The judgment of the Licking County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

And Delaney, J. concur.

Hoffman, P.J., concurs separately.

*Hoffman, P.J., concurring*

{¶41} I concur in the majority's analysis and disposition of Appellant's first, second, third and fifth assignments of error.

{¶42} I further concur in the majority's analysis and disposition of Appellant's fourth assignment of error with the singular exception to its determination the prosecutor did not comment on Appellant's failure to testify during closing argument. Given the lack of any other eyewitness to the incident, I find the prosecutor's reference to no other "testimony" went beyond mere comment on the Appellant's failure to offer evidence and constituted an indirect reference to the Appellant's failure to testify. However, I find such comment does not rise to the level of reversible error in this case. Accordingly, I concur in affirming Appellant's convictions.